

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11. TEXAS

WILL WILSON
ATTORNEY GENERAL

May 5, 1959

Mr. Joe D. Carter
Executive Secretary
Texas Water Development Board
Austin 1, Texas

Opinion No. WW-618

Re: Authority of Texas
     Water Development
     Board to loan money
     to the Lower Nueces
     River Water Supply
     District.

Dear Mr. Carter:

You have requested an opinion of the Attorney General
relative the authority of the Texas Water Development Board to
loan $3,000,000.00 to the Lower Nueces River Water Supply Dis-
trict, hereinafter called "District".

Presently the District is constructing the Seale Dam
and Reservoir on the Nueces River, some 36 miles Northwest of
Corpus Christi, for the purpose of supplying that city and the
surrounding area with water for municipal, industrial and irri-
gation use.  The initial cost estimate on this project was
$15,500,000.00.

The estimated cost to completion is now $21,219,173.03.
The difference represents increased construction cost occasioned
by delay and increased land costs due to the discovery of four
oil fields in the proposed reservoir basin.

Your question follows:

"In view of the fact that approximately
$18,000,000 had been expended prior to the
filing of the Notice of Intention without
any participation by the Texas Water De-
velopment Board in the financing thereof,
can the Texas Water Development Board now
lawfully lend all of the funds necessary
to completion of the project so long as

3024

> such sum does not exceed one-third of the
> overall total project cost or $5,000,000,
> whichever is the lesser?"

We believe so, for you advise that the District seeks
the loan to acquire land in the reservoir basin, and that —

> "These reservoir lands are an integral part
> of the project and absolutely necessary for
> the storage of water and the consequent oper-
> ation of the entire project. Without such
> lands, the project can not properly function
> and could not be considered complete."

The District was created by Acts 1949, 51st Legisla-
ture, Ch. 159, p. 326 (Art. 8280-134) V.C.S., under and pur-
suant to the provisions of Section 59, Article XVI, Constitu-
tion of Texas. It has been judicially determined that the
District is a legally constituted political subdivision with
the power to acquire lands for dam and reservoir purposes by
condemnation or otherwise. Lower Nueces River Supply District
v. Cartwright, 274 S.W.2d 199 (Civ.App. 1954 ref. n.r.e.).

Section 49-c, of Article III, Constitution of Texas,
created the Texas Water Development Board and sets up the Texas
Water Development Fund and declares that the Fund shall be used
for furtherance of the conservation and development of the
State's water resources by, among others,

> "the acquisition /of/ reservoirs and other
> storage projects . . ."

and directs that —

> "Such fund shall be used only for the pur-
> pose of aiding or making funds available
> upon such terms and conditions as the Leg-
> islature may prescribe, to the various
> political subdivisions or bodies politic
> and corporate . . ."

In Article 8280-9, V.C.S., the Legislature has prescribed the terms and conditions for access to the Fund. Section 11 thereof reads, in part:

> " . . . the Texas Water Development Fund shall be used by the Board hereof for the purpose of providing financial assistance and aid to the various political subdivisions . . . in the conservation and development of the water resources of the State of Texas by the construction, acquisition or improvement of projects, as defined in Section 2 hereof."

Section 2, sub-section (f):

> " 'Project' means any engineering undertaking or work for the purpose of the conservation and development of the surface water resources of the State of Texas, including the control, storing and preservation of its storm and flood waters and the waters of its rivers and streams for all useful and lawful purposes by the acquisition, improvement, extension or construction of dams, reservoirs and other water storage projects . . ."

It is apparent that the Seale Dam and Reservoir is a project within the legislative definition, and, further, that the acquisition of reservoir lands is a basic, fundamental and inseparable part of that certain undertaking, and, consequently, could not be deemed a separate work containing within itself all the necessary elements of a water conservation project.

The constitutional and statutory provisions do not expressly specify that in order to qualify thereunder for financial assistance a project must either be or not be in a particular state of initiation, progression or completion, nor is any implied therein applicable to this fact situation.

Section 15 of Article 8280-9, V.C.S., imposes a restriction upon the Board and the Fund:

"The Board shall never purchase bonds or other securities of a political subdivision in excess of one-third (1/3) of the total costs of a project for which assistance from the Fund is sought nor in excess of Five Million Dollars ($5,000,000), whichever is the lesser for any one (1) project."

Consequently, you are advised that it is the opinion of the Attorney General that the Texas Water Development Board may lend all the funds necessary to the completion of the Seale Dam and Reservoir by the acquisition of reservoir lands provided the total of such aid does not exceed the limits announced in Section 15 of Article 8280-9, V.C.S., and the Board and the District comply with all other conditions precedent to the grant and the receipt of such financial assistance.

## SUMMARY

The Texas Water Development Board may lend all the funds necessary to the completion of the Seale Dam and Reservoir by the acquisition of reservoir lands provided the total of such aid does not exceed the limits announced in Section 15 of Article 8280-9, V.C.S., and the Board and the District comply with all other conditions precedent to the grant and the receipt of such financial assistance.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Grundy Williams
Grundy Williams
Assistant

GW-s

Mr. Joe D. Carter, page 5 (WW-618)

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Kenneth H. Burns
Ralph Rash
Jot Hodges, Jr.
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert